EXHIBIT A (Proposed Third Amended Complaint)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Katty Monlouis

Plaintiff,

V.

HIGHGATE HOTELS, L.P.,

Defendant.

Case No.: 1:26-CV-20448LMR

**THIRD AMENDED COMPLAINT**

FILED BY_____D.C.

APR 2 8 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## I. INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant's unlawful employment practices, including racial discrimination, hostile work environment, retaliation, wage violations, failure to accommodate, and wrongful termination.

2. Defendant engaged in a pattern and practice of discriminatory and retaliatory conduct that escalated over time, culminating in Plaintiff's termination shortly after protected activity.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to federal law, including Title VII and the Fair Labor Standards Act.

4. Venue is proper because the events occurred in this District.

## III. PARTIES

5. Plaintiff was employed by Defendant beginning in or around March 2021 at The Goodtime Hotel in Miami Beach, Florida.

6. Defendant Highgate Hotels, L.P. is an employer operating within this District.

## IV. FACTUAL ALLEGATIONS

### A. Background and Work Conditions

7. Plaintiff began employment in March 2021 as a waitress.

8. From the outset, Plaintiff worked under chronic understaffing, including lack of:

    Bussers

    Hostess

    Food runners

    Baristas

    Expo staff

9. Plaintiff was routinely required to perform multiple roles simultaneously while being paid approximately $3–$4 per hour, significantly below fair compensation for the workload performed.

## B. Racial Discrimination (2021–2024)

10. From the beginning of employment, Plaintiff and other Black employees were treated less favorably than similarly situated non-Black employees.

11. Discriminatory practices included:
    Assigning disproportionately heavier workloads
    Requiring Plaintiff to perform additional duties not required of white employees
    Unequal enforcement of workplace rules

12. In or around 2023, Plaintiff and other Black employees were explicitly threatened by management, including BozidarZagorcic, who stated that their lives would be made "a living hell" if they complained to Human Resources.

13. These threats were witnessed by Cheryl Morales and Marcus Norris.

## C. Hostile Work Environment

14. The conduct described above was severe, pervasive, and continuous.

15. Plaintiff was subjected to ongoing humiliation, intimidation, and unequal treatment that altered the terms and conditions of employment.

## D. Wage Violations and Compensation Scheme

16. Defendant engaged in unlawful wage practices, including:

a. Paying Plaintiff tipped wages while requiring non-tipped duties

b. Failing to properly compensate for multi-role work

c. Misallocating or improperly distributing service charges

17. Plaintiff has evidence that:
    Third-party employees were paid approximately $10/hour
    Those employees also received a percentage labeled as "tips" derived from service charges
    These employees were paid through a third-party entity, not directly by Defendant

18. Plaintiff further has evidence that J-1 visa employees were subject to contractual agreements specifying compensation of approximately $15 per hour. In practice, however, these employees were placed into the service charge pool and compensated approximately $4 per hour service charges, similar to Plaintiff. This discrepancy between the contractual compensation and actual pay structure, combined with inconsistent allocation of service charges, supports an inference of unfair and potentially unlawful compensation practices.

19. These actions constitute willful wage violations.

E. Protected Activity (2024–2025)

20. In or around 2024, Plaintiff engaged in protected activity by:

    Complaining internally to Human Resources about discrimination and wage practices

    Reporting understaffing conditions affecting employees and guests

    Filing a charge with the Equal Employment Opportunity Commission

F. Retaliation

21. Following Plaintiff's complaints, Defendant retaliated by:

    Issuing unwarranted disciplinary actions

    Altering Plaintiff's work schedule

    Subjecting Plaintiff to increased scrutiny

    Creating a false narrative portraying Plaintiff as problematic

22. Other employees who engaged in similar conduct but did not complain were not disciplined.

G. Medical Leave Interference

23. Plaintiff requested intermittent medical leave due to a chronic condition.

24. Defendant, through HR personnel [NAME], delayed providing necessary documentation for several months.

25. This delay interfered with Plaintiff's ability to obtain timely medical certification.

H. Workplace Injury and Workers' Compensation Issues

26. Plaintiff returned to work in or around March 2025.

27. Within approximately 2 days, Plaintiff was injured after being required to work in violation of medical restrictions.

28. Defendant failed to:

    Honor medical accommodations

    Provide a safe working environment

29. HR placed Plaintiff on a leave of absence instead of initiating workers' compensation.

30. Workers' compensation was only initiated approximately 14 days after the injury, and only after Plaintiff requested it.

31. Plaintiff:

    Did not receive proper medical treatment

    Experienced ongoing pain for approximately four to five months

    Was paid for only approximately 11 days of benefits

32. Medical issues were later determined to involve serious internal injury, including pelvic complications.

33. Defendant's conduct demonstrates deliberate indifference to

Plaintiff's health and safety.

## I. Escalation and Termination

34. Plaintiff continued to complain about unlawful conduct.

35. Shortly after receiving a right-to-sue notice and engaging in protected activity, Plaintiff was terminated.

36. The termination occurred in close temporal proximity to protected activity and was pretextual.

Dated: 04/28/2026

Katty Monlouis ,
Plaintiff, Pro Se

Address: 671 NE 195th St Apt 303, Miami, FL 33179
Phone: 305-922-1462
Email: katty.monlouis@gmail.com

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of

Division     Miami Division

| | |
|---|---|
| **Katty Monlouis** | Case No.  26-CV-20448-LMR |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*   ☒ Yes   ☐ No |
| -v- | |
| **Highgate Hotels, L.P.** | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Katty Monlouis |
| Street Address | 671 NE 195th st apt 303 |
| City and County | Miami |
| State and Zip Code | Florida 33179 |
| Telephone Number | 305 922 14 62 |
| E-mail Address | katty.monlouis@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Highgate Hotels, L.P. |
| Job or Title (if known) | Employer |
| Street Address | 601 Washington Avenue |
| City and County | Miami beach |
| State and Zip Code | Florida 33139 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒  Federal question                    ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This action arises under Title VII, the ADA, the FMLA, and the FLSA. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367. Plaintiff exhausted administrative remedies with the EEOC and received a Notice of Right to Sue.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ .

and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.   If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ .

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached pages for full Statement of Claim and Counts.

_____

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff respectfully requests that the Court grant the following relief: a. Back pay for lost wages and benefits b.Front pay c. compensatory damages for emotional distress, pain and suffering and other non-economic losses d. Medical expenses for treatment related to Plaintiff's injury and resulting conditions e.Punitive damages as allowed by law f.Liquidate Damages where applicable under federal and state law g.Cost of thos action and any other relief the Court deems just and proper

## V. COUNTS

### COUNT I – Racial Discrimination (Title VII)

37. Plaintiff incorporates all preceding paragraphs.

38. Defendant discriminated against Plaintiff based on race by:
    Unequal treatment
    Disparate workload
    Threats and intimidation

39. Plaintiff suffered damages as a direct result.

### COUNT II – Hostile Work Environment

40. The conduct was severe and pervasive.

41. Defendant knew or should have known and failed to act.

### COUNT III – Retaliation

42. Plaintiff engaged in protected activity.

43. Defendant took adverse action, including termination.

44. There is a causal connection between the two.

### COUNT IV – Wage Violations (FLSA)

45. Defendant willfully failed to properly compensate Plaintiff in violation of the Fair Labor Standards Act.

### COUNT V – Wrongful Termination / Retaliatory Discharge

46. Plaintiff was terminated for engaging in legally protected activity.

## VI. DAMAGES

47. As a result of Defendant's conduct, Plaintiff suffered:

Lost wages and benefits

Future wage loss

Emotional distress

Physical pain and suffering

Medical expenses

Loss of career opportunities

48. Defendant's actions were intentional, malicious, and reckless, warranting punitive damages.

49. Plaintiff suffered prolonged physical injury and pain due to Defendant's failure to provide timely medical care and safe working conditions.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

a. Compensatory damages

b. Back pay and front pay

c. Punitive damages

d. Costs and fees

e. Any other relief deemed just

## VIII. JURY DEMAND

Plaintiff demands trial by jury.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   04/28/2026

Signature of Plaintiff

Printed Name of Plaintiff   Katty Monlouis

### B.   For Attorneys

Date of signing:   04/28/2026

Signature of Attorney

Printed Name of Attorney   Katty Monlouis Pro Se (No Attorney)

Bar Number

Name of Law Firm   Pro Se (No Attorney)

Street Address   671 NE 195th st apt 303

State and Zip Code   Florida 33179

Telephone Number   305 922 1462

E-mail Address   katty.monlouis@gmail.com