UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____D.C.

MAY 19 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

KATTY MONLOUIS,

      Plaintiff,

v.                               Case No.: 1:26-CV-20448-LMR

HIGHGATE HOTELS, LP,

      Defendant.

_____/

## JOINT DISCOVERY PLAN AND SCHEDULING REPORT

Plaintiff KATTY MONLOUIS and Defendant HIGHGATE HOTELS, LP, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b) file their Joint Discovery Plan and Scheduling Report:

I.    Local Rule 16.1(b)(2) Scheduling Conference Report

    A.    Likelihood of Settlement

Plaintiff is not interested in undergoing settlement discussions until the close of discovery.

    B.    Likelihood of Appearance in the Action of Additional Parties

The Parties do not anticipate the appearance of additional parties.

    C.    Proposed Deadlines

The Parties propose the following deadlines.

        i.    To serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A): by June 27, 2026.[1]

        ii.    To join other parties and to amend the pleadings: by June 1, 2026.

        iii.    To file dispositive pre-trial (summary judgment) motions and *Daubert* motions (which include motions to strike experts): by January 20, 2027.

---

[1] Defendant proposed May 27, 2026 as the deadline to serve initial disclosures, which Plaintiff rejected in favor of the June 27, 2026 deadline.

   iv. <u>To complete discovery</u>: by November 20, 2026.

As required by Local Rule 16.1(b)(3), the Parties' Joint Proposed Scheduling Order is attached hereto as **Exhibit A**. The Parties' proposed schedule assigns this case to the standard case management track under Local Rule 16.1(a)(2)(B) and includes proposed dates for the deadlines set forth in Local Rule 16.1(b)(3).

  **D.** **Proposals for the Formulation and Simplification of Issues**

The Parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents that will avoid unnecessary proof at trial, and to avoid unnecessary discovery. As the case progresses, the Parties will, in good faith, confer to discuss additional proposals for the formulation and simplification of issues in this case.

  **E.** **Necessity of Amendments to Pleadings**

Plaintiff has filed a Motion to Consolidate Prior Amendment Motions and for Leave to File a Fourth Amended Complaint (filed May 12, 2026), currently pending before the Court. Defendant has opposed Plaintiff's proposed amended pleadings. The parties acknowledge that Plaintiff's right to file an amended complaint is pending the Court's ruling on said Motion

  **F.** **Admissions and Stipulations to Avoid Unnecessary Proof**

The Parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial. The Parties will confer prior to trial to stipulate to the authenticity and admissibility of certain documentary evidence. The Parties will also confer to stipulate to undisputed facts relevant to the issues involved in this case. The Parties will utilize the required joint pretrial stipulation for this purpose. Presently, the Parties do not anticipate any specific

discovery issues that will require court intervention and have not determined the need for advance rulings on the admissibility of evidence.

G.    Avoidance of Unnecessary Proof and of Cumulative Evidence

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute. The Parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

H.    Referral of Matters to Magistrate

The case is currently under the jurisdiction of the Honorable Magistrate Judge Lisette M. Reid.

I.    Preliminary Estimate of the Time Required for Trial

The Parties believe this case may require 3-4 days of trial.

J.    Pretrial Conference and Trial

The Parties respectfully request trial to begin the week of June 21, 2027, with a final pretrial conference three (3) weeks before the trial period.

K.    Issues Regarding Discovery and Privilege

     *i.    disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

To the extent ESI exists that is subject to discovery or disclosure, such ESI will be identified, preserved, and produced in native format, except: (1) the Parties may agree otherwise in relation to a particular document or set of documents; and (2) there is no obligation to make documents / ESI searchable if the documents are not searchable in their native format.

ii.    *claims of privilege or of protection as trial-preparation materials, including -
- if the parties agree on a procedure to assert those claims after production —
whether to ask the court to include their agreement in an order under Federal
Rule of Evidence 502.*

If information sought during discovery is privileged, then it need not be disclosed. The
existence of the information and any non-privileged information called for, however, must be
disclosed in a privilege log in accordance with the requirements of S.D. Fla. L.R. 26.1(e)(2).

The parties request that the Court enter an Order under Fed. R. Evid. 502 stating the
following:

The production of privileged or work-product protected documents,
electronically stored information ("ESI") or other information,
whether inadvertent or otherwise, is not a waiver of the privilege or
protection from discovery in this case or in any other federal or state
proceeding. This Order shall be interpreted to provide the maximum
protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a
party's right to conduct a review of documents, ESI or information
(including metadata) for relevance, responsiveness and/or
segregation of privileged and/or protected information before
production.

Otherwise, at this time, the parties are not aware of any other orders that should be entered
by the Court under Rules 26(c) or 16(b) or (c). The Parties may also seek to enter a confidentiality
order should they determine that such an order is necessary to keep confidential information that
is proprietary, sensitive, personal, or medical in nature.

iii.    *when the parties have agreed to use the ESI Checklist available on the Court's
website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist;
and any other information that might be helpful to the Court in setting the
case for status or pretrial conference;*

The Parties do not anticipate that the ESI at issue in this case will require the Parties to
utilize the ESI Checklist. The Parties, however, reserve the right to do so if the need arises.

L. **Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference**

At this time, the Parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

A Joint Proposed Scheduling Order required under S.D. Fla. L.R. 16.1 (b)(3) is attached hereto.

## II. Rule 26(f) Discovery Plan Report

A. **Deadline to Exchange Initial Disclosures**

The Parties agree to exchange their Rule 26 Initial Disclosures by June 27, 2026, if they have not already done so.

B. **Subjects on Which Discovery May Be Needed**

The Parties anticipate conducting discovery in accordance with the Federal Rules and the Local Rules. The Parties have agreed to conduct discovery on all issues regarding the case and do not believe that discovery should be conducted in phases or bifurcated between liability and damages.

C. **Disclosure, Discovery, or Preservation of ESI**

The Parties do not anticipate the discovery of electronically stored information at this time, but they will work in good faith to resolve any issues should they arise, including to prepare a protocol governing the production of such information as necessary.

D. **Claims of Privilege**

As set forth in Section K(ii), *supra*, the Parties stipulate to the entry of an order under Federal Rule of Evidence 502. The Parties anticipate that the rules of procedure, rules of evidence, and applicable statutes sufficiently address any issues that may arise. The Parties will work together to resolve any issues related to privilege or protection before involving the court.

5

E.    Limitations on Discovery

The Parties do not believe there should be limitations on discovery beyond the limits set forth in the Federal Rules of Civil Procedure and Local Rules.

F.    Other Orders

None at this time.

Respectfully submitted this _19_ day of May 2026.

/s/
Katty Monlouis
*Pro Se Plaintiff*

671 NE 195th St., Apt 303
Miami, Florida 33179
Email: *katty.monlouis@gmail.com*

Amy Recla, Esq.
Florida Bar No.: 102811
Melissa M. Castillo, Esq.
Florida Bar No. 1025338

JACKSON LEWIS P.C.
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Email: *amy.recla@jacksonlewis.com*
Email: *melissa.castillo@jacksonlewis.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2026, I filed the foregoing Joint Discovery Plan and Scheduling Report with the Clerk of the Court for the United States District Court, Southern District of Florida, Miami Division, in person. I further certify that a true and correct copy has been served on counsel for Defendant via email at Amy.Recla@jacksonlewis.com and Melissa.Castillo@jacksonlewis.com.

/s/ Katty Monlouis, Pro Se Plaintiff

6.

## SERVICE LIST

Katty Monlouis, Pro Se Plaintiff
671 NE 195ᵗʰ St., Apt 303
Miami, Florida 33179
305-922-1462
katty.monlouis@gmail.com

AMY K. RECLA, ESQ.
Lead Trial Counsel
Florida Bar Number: 102811
amy.recla@jacksonlewis.com
maya.levy@jacksonlewis.com
tampadocketing@jacksonlewis.com

MELISSA M. CASTILLO, ESQ.
Florida Bar No.: 1025338
melissa.castillo@jacksonlewis.com
nichole.villa@jacksonlewis.com
tampadocketing@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:   813-512-3210
Facsimile:   813-512-3211

*Attorneys for Defendant*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KATTY MONLOUIS,

    Plaintiff,

v.                              Case No.: 26-CV-20448-LMR

HIGHGATE HOTELS, LP,

    Defendant.

_____/

## JOINT PROPOSED SCHEDULING ORDER

The Court, having reviewed the Parties' Joint Scheduling Report, and pursuant to S.D. Fla. Local Rule 16.1(b)(3), hereby ORDERS as follows:

    A.    This case is assigned to the Standard case management track pursuant to Local Rule 16.1(a)(2)(B).

    B.    The Parties shall follow the discovery schedule set forth in their Joint Scheduling Report. All discovery shall be completed by November 20, 2026.

    C.    The Parties may enter into a stipulation of confidentiality governing the exchange of discovery.

    D.    Pursuant to the Parties' agreement, the Court enters the following Order under Fed. R. Evid. 502:

> The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).
>
> Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

1

E.   The deadline to join additional parties and to amend the pleadings is June 1, 2026.

F.   All pretrial motions must be filed by _____, 20____.

G.   The Court shall rule on all pretrial motions by _____, 20____.

H.   The Parties do not propose to use the Manual on Complex Litigation in this action, and they do not anticipate a need for rule variations at this time.

I.   The pretrial conference will be held on _____, 20____.

J.   Trial shall be held on _____, 20____.

**DONE AND ORDERED** in Chambers in at the Southern District of Florida this _____ day of _____, 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
*Counsel of record*

2